Filed 10/21/21  P. v. Eagan CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B306104 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA338308) |
| v. | |
| ANTHONY EAGAN, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Renee F. Korn, Judge.  Affirmed.

David Kenner, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda Lopez and Stacy S.

Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Anthony Eagan, convicted in 2012 of first degree murder and other crimes following the shooting death of one of his confederates during a burglary and unsuccessful home invasion robbery, appeals the superior court's denial of his petition for resentencing pursuant to Penal Code section 1170.95[1] without issuing an order to show cause and holding an evidentiary hearing.  In this court's recent decision in *People v. Mancilla* (2021) 67 Cal.App.5th 854 we explained a murder conviction under the provocative act doctrine, as here, requires proof the defendant personally harbored the mental state of malice and is not affected by the accomplice liability reform of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437).  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Eagan's Conviction for Provocative Act Murder*

As described in our opinion affirming Eagan's judgment of conviction on direct appeal (*People v. Eagan* (Dec. 30, 2013, B240663) [nonpub. opn.]), after Sharon Cole drove into her attached garage at 10:30 p.m. on July 15, 2006, Tyrone McDougal approached the car's driver-side window, pointed a gun at Cole and yelled at her to get out of the car.  Cole screamed for her son, Ajani Campbell, who lived with her.  Campbell found his gun, loaded it and moved cautiously toward the garage.

As Cole followed McDougal's order and got out of her car, she saw a second man (Eagan) standing behind McDougal and a

_____

[1]    Statutory references are to this code.

2

third man in the frame of the garage door facing the street. McDougal called out, "Watch it, blood," which Campbell understood to mean there was someone else in the garage.

Campbell looked through the doorway connecting the garage and house and saw Eagan with a gun pointed toward the door. Eagan fired at Campbell. Campbell stepped into the garage and raised his gun; Eagan shot again, hitting Campbell in the arm. Campbell fired three shots at Eagan, who dropped to the floor. Campbell then fired one shot at McDougal. Both McDougal and Eagan scrambled out of the garage and fled in a dark four-door vehicle. Campbell fired at the car as it drove away.

Just before midnight the following day, sheriff's deputies responded to a vehicle fire about a mile and one-half from Cole's house. The car was registered to McDougal, whose body was found in the backseat. There was a bullet hole in the driver's headrest and several other bullet holes in the car's body.

Campbell identified Eagan at the preliminary hearing and at trial as the man who had shot at him. DNA evidence established that blood found in the driveway of Cole's residence and on the handle above the back seats in McDougal's car was Eagan's.

The jury convicted Eagan of first degree murder (§ 187, subd. (a)), attempted robbery (§§ 211, 664), burglary (§ 459) and assault with a semiautomatic firearm (§ 245, subd. (b)) and found true firearm-use enhancement allegations (§ 12022.53, subds. (b), (c), (d)) and a felony-murder special-circumstance allegation (§ 190.2, subd. (a)(17)). In a bifurcated proceeding the trial court found Eagan had multiple prior serious felony convictions. He

3

was sentenced to an aggregate indeterminate state prison term of life without parole plus 115 years six months to life.

We affirmed the judgment on appeal. Explaining "[t]he prosecutor pursued a provocative act murder theory in this case based on Eagan's shooting at Campbell during the burglary which provoked Campbell to respond with lethal force, killing McDougal," we rejected Eagan's contention his actions could not support a finding of first degree murder: "As our Supreme Court noted in *People v. Gonzalez* (2012) 54 Cal.4th 643, 661, footnote 13, two theories support a first degree murder conviction under this doctrine: '(1) the defendant's provocative act was a murder or attempted murder that the defendant personally committed willfully, deliberately, and with premeditation' and '(2) the defendant's provocative act caused death during the defendant's intentional commission of one of the enumerated felonies in section 189.' Burglary is a felony listed in section 189. [¶] If the provocative act goes beyond that necessary to commit the offense (burglary in this case), a killing that occurs as a result of the provocative act in the commission of the burglary is a first degree murder." (*People v. Eagan, supra*, B240663.) Because assault and discharge of a firearm are not elements of burglary, we held, the evidence was sufficient to support the jury's finding that Eagan's shooting at Campbell was a provocative act "evidencing malice" that caused Campbell to respond with lethal force. (*Ibid*.)[2]

---

[2] We also rejected Eagan's claims of instructional error and ineffective assistance of counsel and his contention he was entitled to a jury trial on the issue of direct victim restitution.

4

## 2. *Eagan's Section 1170.95 Petition for Resentencing*

On April 22, 2019 Eagan, represented by counsel, filed a petition for resentencing under section 1170.95, alleging he had been convicted of first degree felony murder and could not now be convicted of murder under amended section 189. On August 13, 2019 the superior court appointed a private investigator, at Eagan's request, to assist his counsel in the preparation of the matter. On August 19, 2019 the district attorney filed an opposition memorandum, arguing section 1170.95 was unconstitutional and Eagan was, in any event, ineligible for resentencing based on the jury's felony-murder special-circumstance finding. Eagan's appointed counsel filed a reply memorandum on November 22, 2019, addressing both the constitutional issues and Eagan's eligibility for resentencing relief.

On December 4, 2019, after the prosecutor withdrew the challenge to the constitutionality of section 1170.95, the superior court stated it had tentatively decided Eagan did not qualify for relief under section 1170.95 "based on the provocative acts murder." The court gave Eagan leave to file an additional brief on that issue. No further brief was filed.

A hearing was held on Eagan's petition on March 12, 2020. The court denied the petition, stating a memorandum of decision would be forthcoming.

The court filed its 15-page memorandum of decision on March 23, 2020. After reciting the facts of the case, as set forth in our opinion on direct appeal, and briefly discussing Senate Bill 1437's modification of the law concerning accomplice liability for murder, the court wrote, "Under the facts in this case the petitioner's provocative act was his personal use of a firearm

5

to initiate a gun battle with Victim Campbell. Petitioner was not convicted of felony murder nor was his conviction based on his aiding and abetting a burglary or any other 'target crime.' Petitioner personally was the gun wielding shooter who fired the first shots at Campbell and caused Campbell, the victim, to respond with privileged lethal force, killing McDougal." The court explained the jury had been instructed with CALCRIM No. 560, the provocative act murder doctrine, and found Eagan guilty of murder on that basis. "Petitioner's conviction of first degree murder was based on the Provocative Acts Doctrine. Section 1170.95 does not provide grounds for vacating a murder conviction on these facts."

Reiterating that under *People v Gonzalez, supra,* 54 Cal.4th 643, "[w]hen someone other than the defendant or an accomplice kills during the commission or attempted commission of a crime, the defendant is not liable under felony-murder principles," but may be prosecuted for provocative act murder, the court alternatively ruled, even if Eagan had been convicted of felony murder, he would be ineligible for resentencing under amended sections 188 and 189 as a major participant in the underlying burglary or attempted robbery who had acted with reckless indifference to human life as those terms were clarified in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

Eagan filed a timely notice of appeal.

6

**DISCUSSION**

1. *Senate Bill 1437 and the Section 1170.95 Petition Procedure*

Senate Bill 1437 substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as it applies to aiding and abetting and significantly narrowing the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e)(3); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*); see *People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*).) It also authorized, through new section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime. (See *Lewis*, at p. 957; *Gentile*, at p. 843.)

If a petition for resentencing contains all the information required by section 1170.95, subdivision (b)(1)(A), the court must appoint counsel to represent the petitioner, if requested; direct the prosecutor to file a response to the petition; permit the petitioner to file a reply; and determine if the petitioner has made a prima facie showing he or she is entitled to relief. (§ 1170.95, subd. (c); see *Lewis*, *supra*, 11 Cal.5th at pp. 962-963.) In determining whether the petitioner has carried this burden, the superior court properly examines the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.) Appellate opinions "are generally considered to be part of the record of conviction" (*id.* at p. 972), as are the jury instructions

7

given at trial (see, e.g., *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, review granted Sept. 23, 2020, S263939).

The prima facie inquiry under section 1170.95, subdivision (c), "is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause. . . .  However, if the record, including the court's own documents, contain[s] facts refuting the allegations made in the petition, then the court is justified in making a credibility determination adverse to the petitioner." (*Lewis*, *supra*, 11 Cal.5th at p. 971, internal quotation marks omitted]; see *People v. Daniel* (2020) 57 Cal.App.5th 666, 675, review granted Feb. 24, 2021, S266336 [any error in denying petition at prima facie stage without appointing counsel is harmless if the record of conviction "conclusively demonstrates" petitioner is ineligible for relief].)

If the section 1170.95, subdivision (c), prima facie showing has been made, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts.  (§ 1170.95, subd. (d)(1).)  At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing.  (§ 1170.95, subd. (d)(3); *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 230, review granted Mar. 10, 2021, S266652; *People v. Lopez* (2020) 56 Cal.App.5th 936, 949, review granted Feb. 10, 2021, S265974; but see *People v. Duke* (2020) 55 Cal.App.5th 113, 123, review granted Jan. 13, 2021, S265309.)  The prosecutor and petitioner

8

may rely on the record of conviction or offer new or additional evidence to meet their respective burdens. (See *Gentile, supra,* 10 Cal.5th at pp. 853-854.)

### 2. *Eagan, Convicted of Provocative Act Murder, Is Ineligible for Resentencing Relief as a Matter of Law*

Section 1170.95 authorizes a petition for resentencing only by individuals convicted of murder under the felony-murder rule or the natural and probable consequences doctrine. Provocative act murder is neither. As we held in *People v. Mancilla, supra,* 67 Cal.App.5th at pages 867-868, "[A] murder conviction under the provocative act doctrine requires proof the defendant 'personally harbored the mental state of malice.' [Citations.] That is, the defendant (or his or her accomplice) must have acted with implied malice—the defendant knew his or her conduct endangered the life of another and acted with conscious disregard for life. [Citations.] Thus, section 188, subdivision (a)(3), which provides malice shall not be imputed to a person based solely on his or her participation in a crime, does not affect the theory of provocative act murder." (Accord, *People v. Swanson* (2020) 57 Cal.App.5th 604, review granted Feb. 17, 2021, S266262; *People v. Johnson* (2020) 57 Cal.App.5th 257; *People v. Lee* (2020) 49 Cal.App.5th 254, review granted July 15, 2020, S262459; see *People v. Soto, supra,* 51 Cal.App.5th at p. 1057, review granted ["Senate Bill No. 1437 changed the circumstances under which a person could be convicted of murder without a showing of malice, but it did not exclude from liability persons convicted of murder for acting with implied malice"].)[3]

---

[3] As we explained in our opinion affirming Eagan's first degree murder conviction on direct appeal, under *People v. Gonzalez, supra,* 54 Cal.4th 643, a second degree provocative act

9

In his opening brief Eagan does not dispute he was convicted of provocative act murder, not felony murder, nor does he contend Senate Bill 1437's reforms include provocative act murder. Rather, distinguishing the facts in *People v. Gonzalez*, *supra*, 54 Cal.4th 643, Eagan asserts, "[I]t was not foreseeable that an individual would show up clearly evincing the intent to shoot Mr. Eagan. At the very least, Mr. Eagan has made a prima facie showing that Mr. Campbell's presence with a gun was a superseding cause of decedent McDougal's death." That is simply an argument the evidence was insufficient to support the jury's finding Eagan was guilty of murder—an argument we rejected in Eagan's direct appeal and one that is not cognizable in any event in connection with a section 1170.95 petition. The superior court properly ruled Eagan was ineligible for resentencing as a matter of law.[4]

---

murder may be elevated to first degree murder if the death occurred during one of the felonies identified in section 189, subdivision (a)—that is, those serious felonies as to which the felony-murder rule applies. That principle concerning the degree of culpability for provocative act murder "neither intertwines provocative act murder with felony murder nor transforms the former into the latter." (*People v. Swanson, supra*, 57 Cal.App.5th at p. 616, review granted; see *People v. Johnson, supra*, 57 Cal.App.5th at p. 266 [rejecting the argument that, "[e]ven though he was not convicted of felony murder," a defendant "is eligible for relief under section 1170.95 because the felony-murder rule was invoked to determine the degree of the murder, i.e., murder of the first degree"].)

[4] Because Eagan was not convicted of felony murder, the parties' discussion of the superior court's analysis of his role in the burglary and attempted house invasion robbery in light of the

## DISPOSITION

The postjudgment order denying Eagan's petition for resentencing is affirmed.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.

---

*Banks*/*Clark* factors has no bearing on our decision to affirm the order denying the petition for resentencing.